# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| JOHN L. MCALLISTER, | ) | CASE NO. 5:18CV01423 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE JOHN R. ADAMS |
| vs. | ) | |
| | ) | |
| | ) | **ORDER AND OPINION** |
| GEORGE MAIER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on two motions: (1) Motion for Judgment on the Pleadings pursuant to Fed. R. Civ. P. 12(c) on behalf of Defendant Jeffrey Duffey, M.D. (Doc. # 12) and (2) Defendant Jonathan Stump's Motion for Judgment on the Pleadings Under Fed. R. Civ. P. 12(c) or, in the alternative, Failure to Prosecute pursuant to Fed. R. Civ. P. 41(b). (Doc. # 13). Plaintiff has not filed responses to the motions. As the time for filing oppositions has long expired, the motions are unopposed. For the reasons stated herein, it is hereby ORDERED that the motions for judgment on the pleadings are GRANTED.

## BACKGROUND

Plaintiff John L. McAllister filed his *pro se* Complaint *in forma pauperis* against several defendants, including movants Jeffrey Duffey, M.D. and Jonathan Stump, in their individual and official capacities as personnel of the Stark County Jail. Plaintiff's Complaint alleges that Defendants did not provide a laboratory or diagnostic test for Plaintiff's Hepatitis C and did not develop or implement a treatment plan for his Hepatitis C while he was incarcerated at the Stark County Jail. These alleged failures purportedly caused Plaintiff's cirrhosis of the liver. Plaintiff

also claims that he did not receive treatment for his degenerative disc disease.  Defendants have moved for judgment on the pleadings on these claims.

**ANALYSIS**

### I.   LEGAL STANDARD

Fed. R. Civ. P. 12(c) provides that "[a]fter the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings."  The standard for evaluating a motion for judgment on the pleadings is the same as that applicable to a motion to dismiss under Rule 12(b)(6) for failure to state a claim.  *Ziegler v. IBP Hog Market, Inc.*, 249 F.3d 509, 511-12 (6th Cir. 2001).  The Sixth Circuit stated the standard for reviewing such a motion to dismiss in *Assn. of Cleveland Fire Fighters v. Cleveland*, 502 F.3d 545 (6th Cir. 2007) as follows:

The Supreme Court has recently clarified the law with respect to what a plaintiff must plead in order to survive a Rule 12(b)(6) motion.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).  The Court stated that "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Id.* at 555 (citations and quotation marks omitted).  Additionally, the Court emphasized that even though a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true."  *Id.*

If an allegation is capable of more than one inference, this Court must construe it in the plaintiff's favor. *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995) (citing *Allard v. Weitzman*, 991 F.2d 1236, 1240 (6th Cir. 1993)). This Court may not grant a Rule 12(b)(6) motion merely because it may not believe the plaintiff's factual allegations. *Id.* While this may be a liberal standard of review, the plaintiff still must do more than merely assert

bare legal conclusions. *Id.* Specifically, the complaint must contain "either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (quotations and emphasis omitted).

## II.  PLAINTIFF'S CLAIMS UNDER 42 U.S.C. § 1983

Plaintiff McAllister's claims cannot succeed under 42 U.S.C. § 1983.[i] Section 1983 authorizes "any citizen of the United States or other person within the jurisdiction thereof" to pursue "an action at law [or] a suit in equity" against "every person who, under color of" state law, causes "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws[.]" *See* 42 U.S.C. § 1983. To state an actionable claim under § 1983, two elements are necessary. *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 150 (1970). First, a prospective plaintiff must allege that a "defendant has deprived him of a right secured by the 'Constitution and laws' of the United States." *Id.* Second, the plaintiff must prove that this deprivation of rights occurred under color of law. *Id.* At issue in this case is Plaintiff's claim that Defendants' failure to provide adequate medical care violated his right to be free from cruel and unusual punishment under the Eighth Amendment. "The Eighth Amendment's prohibition on cruel and unusual punishment generally provides the basis to assert a § 1983 claim of deliberate indifference to serious medical needs . . . ." *Phillips v. Roane County*, 534 F.3d 531, 539 (6th Cir. 2008) (citing *City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 244 (1983)).

The Eighth Amendment imposes duties on prison officials to provide humane conditions of confinement, including adequate medical care. *Farmer v. Brennan*, 511 U.S. 825, 833 (1994). The standard that governs § 1983 claims of Eighth Amendment violations is that of deliberate indifference. *See Id.* at 834-35. "Deliberate indifference requires that the defendants 'knew of

and disregarded a substantial risk of serious harm to [the plaintiff's] health and safety.'" *Spears v. Ruth*, 589 F.3d 249, 254 (6th Cir. 2009) (quoting *Watkins v. City of Battle Creek*, 273 F.3d 682, 686 (6th Cir. 2001)). The Sixth Circuit has determined that the standard of deliberate indifference has both objective and subjective elements. *Winkler v. Madison Cty.*, 893 F.3d 877, 890 (6th Cir. 2018) (citing *Spears*, 589 F.3d at 254).

"For the objective component, the detainee must demonstrate the existence of a sufficiently serious medical need." *Spears*, 589 F.3d at 254. (quoting *Estate of Carter v. City of Detroit*, 408 F.3d 305, 311 (6th Cir. 2005)). A serious medical need sufficient to satisfy the objective component is one that is "so obvious that even a layperson could recognize the need for a doctor's attention." *Id.* (quoting *Blackmore v. Kalamazoo County*, 390 F.3d 890, 899-900 (6th Cir. 2004)). Generally, some form of obviously manifested symptoms is necessary to satisfy this requirement. *See Blackmore*, 390 F.3d at 900 (complaints of sharp stomach pain and vomiting over two days were "classic signs of appendicitis."); *Bertl v. City of Westland*, No. 07-2547, 2009 U.S. App. LEXIS 2086, *3 (6th Cir. Feb. 2, 2009) ("lying face down, unresponsive and exhibiting symptoms of *delirium tremens* showed medical need sufficient for lay people to recognize he needed medical attention.").

To satisfy the subjective element, a plaintiff must show that the prison official had a "sufficiently culpable state of mind." *Farmer*, 511 U.S. 825, 834 (1994) (quoting *Wilson v. Seiter*, 501 U.S. 294, 297 (1991) (internal quotations omitted)). "In prison-conditions cases that state of mind is one of 'deliberate indifference' to inmate health or safety." *Id.* (collecting cases that establish deliberate indifference as the culpability standard in Eighth Amendment claims). In defining the subjective component of deliberate indifference, the Supreme Court stated:

> That a prison official cannot be found liable under the Eighth
> Amendment for denying an inmate humane conditions of

confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Farmer*, 511 U.S. at 837. In that way, deliberate indifference is "greater than negligence but does not require proof that the officials intended to cause harm. *North v. Cuyahoga Cty.*, 754 F. App'x. 380, 385 (6th Cir. 2018) (citing *Shadrick v. Hopkins Cty.*, 805 F.3d 724, 737 (6th Cir. 2015)).

For the purpose of surviving a Rule 12(c) motion, a plaintiff must "allege facts which, if true, would show that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk." *Phillips*, 534 F.3d at 540 (quoting *Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001)). Where available, courts may draw inferences of the "requisite knowledge" from circumstantial evidence. *Id.*

For the plaintiff's Eighth Amendment claim to survive a Rule 12(c) motion, his pleadings must contain direct or inferential allegations regarding all of the aforementioned material elements of that claim.

**A. Plaintiff's § 1983 claim against Dr. Jeffrey Duffey**

Dr. Duffey challenges the basis for the § 1983 claim against him in that it fails to state "either explicitly or implicitly" that he was acting under color of law. In support of this assertion, Dr. Duffey cites *Azar v. Conley*, 456 F.2d 1382, 1388 (6th Cir. 1972). However, Defendant fails to acknowledge that the color of law requirement in this type of case is generally not an overly burdensome requirement to satisfy. *See, e.g., Shadrick,* 805 F.3d at 736; *Rouster v. County of Saginaw*, 749 F.3d 437, 453 (6th Cir. 2014) (Private corporations that "perform a traditional state function such as providing medical services to prison inmates may be sued under § 1983 as one

acting under color of state law.") (quoting *Street v. Corrections Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996) (internal quotation marks omitted)). In *Azar*, the Sixth Circuit agreed with the dismissal of a § 1983 claim on the grounds of the defendant not acting under color of law because the defendant in question was a private citizen. 456 F.2d at 1388. The same cannot be said for Dr. Duffey. Plaintiff's complaint alleges that Dr. Duffey is the director of the "Correctional Healthcare Group" and Defendant admits that he "is and was Medical Director and jail physician serving Stark County in the Stark County Jail." (¶2, Doc. # 9) It is true that Dr. Duffey's name is not mentioned in Section II(D) of the plaintiff's complaint, where he is required to make such explanations. (Doc. # 1 at 4) Nonetheless, that failure is not dispositive. Although not expressly stated, the contents of Plaintiff's complaint implicitly indicate that Dr. Duffey acted under color of law.

For Plaintiff's claim against Dr. Duffey to survive a 12(c) motion, it must allege sufficient facts respecting the material elements of both the objective and subjective components of his Eighth Amendment claim. The Court first addresses the pleadings as they relate to the objective component. Plaintiff's allegations against Dr. Duffey are sparse to be generous. Beyond naming Dr. Duffy as a defendant, the totality of the plaintiff's allegations against him is that he was aware that the plaintiff was not provided a diagnostic test for Hepatitis C or a treatment plan and failed to have the plaintiff treated. The pleadings do not proffer any facts which indicate that, objectively, Plaintiff had a sufficiently serious medical need. Plaintiff does not allege that he experienced visible symptoms of Hepatitis C that would indicate to Dr. Duffey, or to laypeople for that matter, that he had a sufficiently serious medical need that posed a substantial risk of harm. The pleadings do not include allegations or complaints of sharp pain, vomiting, unconsciousness, fever or the like. Nor does plaintiff allege that he, or any other

person, expressly relayed information that would make Defendants or other staff members objectively aware of Plaintiff's alleged risk of serious harm. There simply are not sufficient facts in the pleadings to permit reasonable people to find that Plaintiff objectively had a sufficiently serious medical need.

Even if Plaintiff's complaint could be construed so generously as to properly allege the objective component of his claim, it cannot satisfy the subjective component. Put kindly, Plaintiff's allegations offer few, if any facts that could be construed as indicating that Dr. Duffey was subjectively aware of any substantial risk to the plaintiff. Again, Plaintiff's allegations do not contain any information with respect to how Dr. Duffey could be subjectively aware of his ailments. Plaintiff does not purport that he complained of symptoms to staff members that might inform Dr. Duffey, or to Dr. Duffey directly. Nor does Plaintiff allege that he submitted any type of medical request form in regard to his ailments. Finally, there is no circumstantial evidence or facts provided that might allow the Court to draw an inference of deliberate indifference. Plaintiff's pleadings may well purport to allege negligence, but they do not support an inference that Dr. Duffey disregarded a known or obvious risk of serious harm. Accordingly, Dr. Duffy's Rule 12(c) Motion for Judgement on the Pleadings is granted.

### B. Plaintiff's § 1983 claim against Jonathan Stump

Plaintiff's allegations against Jonathan Stump are as follows: that he knew that the plaintiff had not been tested for Hepatitis C, that he knew that no treatment plan had been developed, and that with this knowledge he failed to have the plaintiff treated. Plaintiff uses these same assertions to allege the manner in which Mr. Stump acted under color of law pursuant to § 1983. Mr. Stump denies the allegations that any action he committed pertaining to this matter occurred under color of law. (II, Doc. # 6) Although, the pleadings do not directly address how Mr. Stump acted under color of law, they do allege that Mr. Stump was the CEO of

Correctional Health Care Group, which, as Defendant admits, provides healthcare services to the Stark County Jail. For the purpose of disposing of this motion, the Court will assume that, construed favorably as is required, Plaintiff's pleadings implicitly indicate that Mr. Stump's actions in relation to these claims occurred under color of law.

Plaintiff must still allege sufficient facts respecting the material elements of his Eighth Amendment claim against Mr. Stump. As noted above, Plaintiff's pleadings fail to disclose any facts in support of his claim. The pleadings simply do not indicate even a bare minimum factual basis from which reasonable people could objectively recognize that he has a sufficiently serious medical need.

Again, even if the objective component were met, the pleadings still fail to allege sufficient facts with respect to the subjective component to survive a Rule 12(c) motion. The pleadings do not indicate any underlying facts from which Mr. Stump could draw inferences as to the plaintiff's risk of serious harm. They do not allege in what manner Mr. Stump became subjectively aware of Plaintiff's purported ailments, or if he became aware at all. The pleadings do not even allege or make clear any basis for inferring that Mr. Stump knew anything about Plaintiff.

Plaintiff's pleadings are more akin to an assertation of bare legal conclusions than they are to any cognizable claim of an Eighth Amendment violation under § 1983. Accordingly, Mr. Stump's Rule 12(c) Motion for Judgment on the Pleadings is granted.

### III. DEFENDANT'S ARGUMENT FOR DISMISSAL FOR FAILURE TO PROSECUTE

Additionally, one defendant has brought to the Court's attention that attempts to communicate with the plaintiff on matters of importance to this litigation have not been successful. Specifically, documents addressed to plaintiff's address at 4024 Cleveland Ave NW,

Apt. 6, Canton, Ohio 44709-2356 were returned as "not deliverable." (Doc. # 13). The first document was an answer to the plaintiff's complaint; the second was in regard to discovery planning pursuant to Fed. R. Civ. P. 26(f). To date, the plaintiff has not provided the court with an updated address or any other means of communication.

Fed. R. Civ. P. 41(b) states that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order" a court may dismiss the action. Dismissal "is a harsh sanction which the court should order only in extreme situations showing a clear record of delay or contumacious conduct by the plaintiff." *Carver v. Bunch*, 946 F.2d 451, 454 (6th Cir. 1991) (quoting *Carter v. City of Memphis*, 636 F.2d 159, 161 (6th Cir. 1980) (internal quotation marks omitted)).

In determining whether a dismissal pursuant to Rule 41(b) is appropriate, a court should consider:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 737 (6th Cir. 2008) (citing *Knoll v. AT&T*, 176 F.3d 359, 363 (6th Cir. 1999)). Generally, no single factor is outcome determinative. *Knoll*, 176 F.3d at 363 (citing *Carter v*, 636 F.2d at 161). That Plaintiff in this case has proceeded *pro se* does not alter the analysis. *See Nationwide Life Ins. Co. v. Penn-Mont Ben. Servs.*, 2018 U.S. App. LEXIS 2483, at *16 (6th Cir. Jan. 31, 2018) (affirming Rule 41(b) dismissal of *pro se* litigant claims in part because he "never provided the court or updated the docket with a valid mailing address . . . ."). These factors support a conclusion that Plaintiff has failed to prosecute his claim.

For the first factor to support dismissal, Plaintiff's conduct "must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of his conduct on those proceedings." *Tung-Hsiung Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (quoting *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 591 (6th Cir. 2001)). Although *pro se* litigants are afforded some leeway when dealing with complex legal issues, such leeway is not extended to "straightforward procedural issues." *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991). Additionally, *pro se* litigants have an affirmative duty to update the court with changes in address. *See Barber v. Runyon*, 1994 U.S. App. LEXIS 9709, at *3 (6th Cir. May 2, 1994). Here, the record indicates that Plaintiff has not properly kept the Court or opposing parties apprised of any changes in address, nor has he provided any other form of contact information. Plaintiff's failure to do such an important, yet basic, task indicates a reckless disregard for the proceedings that he initiated. Accordingly, the first factor weighs in favor of dismissal.

Additionally, Defendants in this case have been prejudiced by Plaintiff's conduct, or lack thereof, because they have expended considerable time, effort, and resources in answering Plaintiff's initial complaint and in proceeding through the discovery and motion phase of the litigation. *See Schafer*, 529 F.3d at 737 ("[A] defendant is prejudiced by the plaintiff's conduct where the defendant 'waste[d] time, money, and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide.'" (quoting *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 368 (6th Cir. 1997)). The second factor unambiguously supports dismissal.

The third and fourth factors require the court to make more difficult determinations, given the nature of Plaintiff's conduct. The Court acknowledges that it

has given Plaintiff no warnings of a potential dismissal pursuant to Rule 41(b). Nor has it issued any orders requiring Plaintiff to show cause for his neglectful conduct. Ordinarily this factor would weigh in favor of the plaintiff, but in this case the Court has its doubts. From the outset of this suit, court records indicate that important documents and orders related to this matter, addressed to Plaintiff's single proffered address, have been returned due to insufficient address. *See* Doc. # 8. Additionally, attempts by Defendants to communicate with Plaintiff on issues of importance to this matter, such as discovery, have suffered the same fate. Se*e* Doc. # 13. Plaintiff also failed to respond to Defendants' motions to dismiss and, to wit, has made no further efforts to contact the Court or other parties regarding the matter, despite the Court allowing ample time between the filing and disposition of the motions. Any such order that the Court could issue that might warn Plaintiff of a pending dismissal is likely to amount to no more than shouting into the wind.

With regard to the fourth factor, no other sanctions against Plaintiff have been issued thus far. However, when analyzing the fourth factor, a sizeable difficulty exists in determining whether or not a dismissal without prior sanctions is deserving of preclusive effects. *See Harmon*, 110 F.3d at 368 (finding that the "imposition of lesser sanctions is a *factor* in our review, not a *sine qua non* for affirmance" and that "this factor . . . require[s] particular caution "in the absence of contumacious conduct." (citation and internal quotation marks omitted)). Plaintiff's conduct in this matter rises at least to the level of contumacious, and therefore the lack of sanctions prior to dismissal is not dispositive of this motion to dismiss. That being said, because the Court is not dismissing

the matter pursuant to Rule 41(b), it withholds judgment on preclusive effects as they would relate to such a dismissal.

The first and second factor conclusively support a dismissal of Plaintiff's claim for failure to prosecute. The third and fourth factors offer resistance, but given the specific nature of this matter, that resistance is not dispositive. For these reasons, alternate grounds for dismissal for failure to prosecute pursuant to rule 41(b) are available to this Court.

## CONCLUSION

For the reasons stated above, this Court GRANTS the Motions for Judgment on the Pleadings with respect to defendants Jonathan Stump and Dr. Jeffrey Duffey. The complaint is hereby DISMISSED.

IT IS SO ORDERED.


DATED:  8/6/19                                            */s/ John R. Adams*
                                                          John R. Adams
                                                          UNITED STATES DISTRICT JUDGE

---

[i] The remaining defendants in this case have extensively briefed the Court on the requirement of affidavits of merit for medical malpractice claims under Ohio law. Both defendants fail to acknowledge, in large part, Plaintiff's Eighth Amendment claim under 42 U.S.C. § 1983. Given that the Eighth Amendment allegations are Plaintiff's sole basis for subject matter jurisdiction in this matter and the crux of Plaintiff's claim, this Court declines to consider any issues in the alternative concerning medical malpractice.